ALVAREZ ET AL., APPELLANTS, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a *Lis Pendens* Notice.

No. 287.—Decided July 26, 1916.

LIS PENDENS NOTICE—MORTGAGE—RECORD OF TITLE—DEATH OF PREDECESSOR IN INTEREST.—Record of a *lis pendens* notice in an action for the nullity of a mortgage cannot be refused because the mortgage is recorded in the name of a person other than the defendants when it is alleged that said person is dead and the action is brought against his heir and testamentary executor.

ID.—RECORD OF TITLE—JURISDICTION.—When an action affects the title to real property, as in the present case in which it is sought to annul various deeds relating to a certain property which is recorded in the registry, according to the provisions of section 91 of the Code of Civil Procedure, the registrar should enter the *lis pendens* notice on all the records of the said property in the books under his charge indicated by the plaintiff which may be connected with the facts alleged in the complaint, without considering the merits of the plaintiff's case, this being the province of the court having jurisdiction.

The facts are stated in the opinion.

*Mr. S. Abella Bastón* for the appellants.

The registrar did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Antonio Alvarez Araoz, Antonio Alvarez González and Angel Alvarez Araoz, brought suit in the District Court of

San Juan against Carmen Gutiérrez Gómez and others for "nullity of sales and mortgage, for cancellation of records in the registry of property and for damages."

Having filed the complaint, in accordance with section 91 of the Code of Civil Procedure the plaintiffs filed for record with the Registrar of Property of San Juan, Section 1, a notice of the pendency of the action and the registrar entered the same as to certain records of the property referred to, but refused to enter it as to others, as is shown by the following decision, from which the said plaintiffs took the present appeal in so far as it affects them adversely:

"Marginal notes of the foregoing *lis pendens* notice have been entered, after examining other documents, on records Nos. 1 and 3 of property No. 110, pages 113 and 115, volume 4 of Puerta de Tierra, as to the creation of a mortgage in favor of Andrés Crosas and its transfer to the commercial firm of Andrés Crosas, Successors, Limited, but the entry of said notice is denied as to the assignment of the same interest to Generoso Candina Izaguirre, because it is recorded in the name of the latter, who is a person distinct from defendant Anselma Izaguirre, a caveat having been entered in lieu thereof, for the time prescribed by law, on the margin of record 4 of the said property, on page 116 of volume 4; and its entry is also denied as to the ownership of the property because as the records whose cancellation is sought are in the names of the same plaintiffs, Antonio Alvarez Araoz and Antonio Alvarez González, the said entry would be ineffective and serve no purpose. A caveat is entered, etc."

1. Although the action was not brought against Generoso Candina, in whose name the mortgage on the property referred to in the complaint appears recorded, it is alleged therein that Candina died and for this reason the action was prosecuted against Anselma Izaguirre Leguine, his heiress, and Pedro Castaños, his executor.

2. The second refusal of the registrar is confusing, as is also the brief of the attorney for the appellants on that point. In our opinion the whole question involved may be decided by determining the nature of the action brought by the plaintiffs and the scope of the statute relied on by them.

In the case of *Manrique de Lara* v. *Registrar of San Germán,* 23 P. R. R. 803, this court had occasion to construe the said statute, namely, section 91 of the Code of Civil Procedure, by translating it properly into Spanish from the original English text, which reads as follows:

"In an action affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may file for record with the registrar of the district in which the property or some part thereof is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action or defense, and a description of the property affected thereby　*　*　*."

Does the action brought affect the title to real property? Undoubtedly it does. A perusal of the complaint which accompanied the petition to the registrar is sufficient to justify the conclusion that the case involves the nullity of various deeds which refer to a certain lot situated in the ward of Puerta de Tierra of the city of San Juan. This being the case, according to the statute the registrar should have proceeded to enter the *lis pendens* notice on all the records of the property in question in the books under his charge which were indicated by the plaintiffs and bore relation to the facts alleged in the complaint, without considering or deciding whether the plaintiffs were right or not, this being a matter for the court having jurisdiction.

The decision appealed from is reversed and the registrar is ordered to make the entries requested.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.